**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-23438-BLOOM/McAliley

ANDY R. FONTAINE,

    Plaintiff,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
*Mark Inch*, et al.,

    Defendants.

_____/

**ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court upon Plaintiff Andy R. Fontaine's ("Plaintiff" or "Fontaine") Amended Complaint, ECF No. [11]. For the reasons set forth below, the Amended Complaint is dismissed.

**I.    BACKGROUND**

Plaintiff, an inmate confined at the Dade Correctional Institution ("Dade C.I."), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on allegations that prison officials have violated his Eighth Amendment rights. *See* ECF No. [1] ("Complaint"). Upon initial review of the Complaint, the Court determined that his claims were improperly pled. *See* ECF No. [8] ("Order"). Specifically, the Court noted that the Complaint did not comply with applicable pleading standards, including setting forth each claim in separate numbered paragraphs and alleging specific factual allegations using short and plain statements. *Id.* at 2. In addition, the Court noted that the Complaint violated the 20-page limitation, was a quintessential shotgun pleading, and failed to set forth how the various claims against the multiple Defendants constituted the same

transaction. *Id.* at 2-5. As a result, the Court provided Plaintiff with an opportunity to file an amended complaint in accordance with the Court's guidance in the Order. *Id.* at 7.

Plaintiff has filed an Amended Complaint against Defendants Mark Inch, Secretary of the Florida Department of Corrections in his individual and official capacities, Jose Colon, Warden of Dade C.I. in his individual and official capacities, Centurion of Florida, LLC, Silvano Altamirano, P.A., T. Moise, R.N., L. Re, M., P.A., D. Tate, Health Services Administrator, Franck Papillon, M.D., Chief Health Officer, Dora Gaxiola, M.D., Oscar Lafond, Pharmacy Technician, and John Does ##1, 2, correctional officers. Plaintiff's Amended Complaint is now before the Court for review.[1]

## II.   LEGAL STANDARD

Because Plaintiff is a *pro se* prisoner asserting claims against the Florida Department of Corrections and specific correctional officers, the Court must conduct a screening pursuant to 28 U.S.C. § 1915A. According to § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief[,]" the court is directed to dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need

---

[1] In the Order, the Court directed Plaintiff to file his Amended Complaint by October 22, 2020. The Amended Complaint however, is stamped as received in legal mail on October 23, 2020, and is therefore untimely. *See* ECF No. [11]; *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) ("Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (quoting *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir.2009))). Nevertheless, in the interest of judicial economy and efficiency, the Court will consider the Amended Complaint.

detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III.   DISCUSSION

In the Amended Complaint, Plaintiff's asserts claims under 42 U.S.C. § 1983 against Defendants alleging violations of his Eighth Amendment right to be free from excessive force and cruel and unusual punishment, specifically through the failure to provide adequate medical care, and violations of the Americans with Disabilities Act ("ADA"). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he was (1) deprived of a right; (2) secured by the Constitution or laws of the United States; and (3) that the alleged deprivation was committed under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Rayburn v.*

*Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001).

Plaintiff's first claim arises from an incident that occurred on June 7, 2020. According to Plaintiff, he was returning from a visit to the hospital, when two John Doe defendants failed to provide him with a wheelchair, or provided him a broken wheelchair, and dragged him from the transportation van. He then alleges that after filing grievances related to this incident, he was placed in non-accessible confinement under the guise of quarantine, during which time he fell while using the toilet. As a result, he asserts claims against Defendant Inch and Defendant Colon for allowing a continued practice of failing to make reasonable accommodations in violation of the ADA and allowing the use of excessive force against disabled inmates. Plaintiff requests compensatory and punitive damages against John Does #1 and #2 and Defendant Inch, declaratory and injunctive relief, and fees and costs.

Plaintiff's second claim arises from the alleged insufficiencies in the medical treatment he received while incarcerated at Dade C.I. In sum, Plaintiff alleges that the medical department under Defendants Tate and Papillon delays, denies, and fails to provide medical care in a cruel and unusual manner with deliberate indifference. For example, Plaintiff alleges that Defendant Papillon changed his medication without notice and refused to refer Plaintiff to a specialist for care. In addition, Plaintiff alleges that Defendant Gaxiola refused to discuss, treat, or fully document Plaintiff's serious medical needs. Furthermore, Defendant Tate is alleged to have created a custom and practice to delay or deny treatment; Defendant Moise falsified documents and failed to contact a provider about Plaintiff's mental health changes; Defendant Altamirano refused to continue consults with specialists and to discuss Plaintiff's serious medical needs; Defendant J.L. Re, M made unauthorized medical determinations and failed to document conditions, offering only less effective treatments; and Defendant Lafond failed to provide

medications timely. As a result, Plaintiff requests declaratory and injunctive relief, in addition to compensatory and punitive damages against these medical Defendants, Defendants Inch and Colon, and Centurion of Florida, LLC.[2]

Plaintiff's third claim arises as a result of alleged discrimination against disabled inmates and failure to accommodate the disabled. In support of his claim, Plaintiff contends that corrections staff harass and punish inmates due to their disabilities, by for example, allowing privacy panels to be removed from the wheelchair accessible toilet and shower areas, using mass shutdowns to get gang members to ensure that disabled inmates do not use the restroom during count time, forcing Plaintiff to urinate on himself, failing to provide enough toilet paper, and making it impossible for Plaintiff and other disabled individuals to obtain approved accommodations, such as a wheelchair compatible poncho. As a result, Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages against Defendants Inch and Colon for allowing these practices to occur.

At the outset, the Court notes that Plaintiff has not corrected a couple of the deficiencies specifically noted in its prior Order. Although Plaintiff has asserted his claims on twenty (20) pages of the form provided to him by the Court, he has also attached over 300 pages of grievance materials he has submitted during the course of his incarceration, which, although he references in his pleading, the Court is nevertheless left to sift through in order to try to understand Plaintiff's claims. *See* ECF Nos. [11-1], [11-2], [11-3]. As a result, the Amended Complaint again fails to set forth a short and plain statement of Plaintiff's claims and contains scattered allegations against multiple Defendants without explaining how the claims arise from the same transaction or

---

[2] Although Plaintiff seeks relief from Centurion, the Court cannot discern any allegations with respect to any conduct of Centurion, other than through its employees, the medical Defendants.

5

occurrence. Therefore, the Amended Complaint remains a quintessential shotgun pleading, as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Overall, shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Although the Court liberally construes *pro se* pleadings, the Court is not free to construct causes of action for which adequate facts are not pled. Additionally, to the extent that the Court can discern the basis for Plaintiff's claims, he has not alleged sufficient facts in support of those claims.

    **A. Excessive force by John Doe Defendants**

To establish a claim for excessive use of force in violation of the Eighth Amendment, "a plaintiff must show (1) that the force was 'sadistically and maliciously applied for the very purpose of causing harm,'" and "(2) that more than a *de minimis* injury resulted." *Fischer v. Ellegood*, 238 F. App'x 428, 432 (11th Cir. 2007) (internal citation omitted). In the Amended Complaint, Plaintiff alleges that he was dragged "shackled and blackboxed" from the hospital wheelchair to the van seat, and was injured as a result. ECF No. [11] at 6. He alleges further that upon arriving back at

Dade C.I., he was dragged from the van and placed in a broken wheelchair. *Id*. These allegations alone, however, are insufficient to raise a plausible claim for excessive use of force.

In addition, to the extent that Plaintiff attempts to assert claims against John Doe defendants, such claims must be dismissed. "[F]ictitious-party pleading is [generally] not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). To do so, the plaintiff must "adequately describe[] the person to be sued so that the person [can] be identified for service." *Dean v. Barber*, 951 F.2d 1210, 1216 n.6 (11th Cir. 1992). Plaintiff's identification of John Doe #1 and John Doe #2 merely as "correctional officers" does not meet this standard, and therefore, Plaintiff's excessive force claim against those officers is due to be dismissed. However, to the extent that Plaintiff is able to identify John Doe #1 and John Doe #2, and alleged additional facts to support his claim against them, he may attempt to reassert his claim based upon excessive use of force.

### B. Claims against Supervisory Defendants

Plaintiff's claims against Defendants Inch and Colon also fail. It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *Barr v. Gee,* 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor can only be held liable under § 1983 if he "personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West,* 496 F.3d at 1328 (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted)).

To state a supervisory liability claim, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights, (2) the existence of either

a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West*, 496 F.3d at 1328-29 (listing factors in context of summary judgment). However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp*, 891 F.2d 829, 836–37 (11th Cir. 1990). In this case, other than Plaintiff's conclusory allegations regarding the existence of a policy or custom of permitting inadequate medical care and the mistreatment of disabled inmates, there are no discernible factual allegations to substantiate such conclusions.

### C. Deliberate indifference to a serious medical need

Third, Plaintiff's Eighth Amendment claim based upon his medical care fails. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). To prevail on a claim of deliberate indifference to a serious medical need, a plaintiff must show: (1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009).

"[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (1994) (citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002);

*Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation marks and citations omitted). To demonstrate that the Defendants were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff has to allege (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *Melton v. Abston,* 841 F.3d 1207, 1223–24 (11th Cir. 2016) (citing *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam).

However, negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle*, 429 U.S. at 105-06. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *Id*. at 106. The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1425 (11th Cir. 1997), *overruled on other grounds by LeFrere v. Quezada*, 588 F.3d 1317, 1318 (11th Cir. 2009). Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover on a § 1983 claim merely because the patient is a prisoner. *Estelle*, 429 U.S. at 105-07. It must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).

In addition, Defendants who unreasonably fail to respond or refuse to treat an inmate's need for medical care or who delay necessary treatment without explanation or for non-medical

9

reasons may also exhibit deliberate indifference. *See, e.g., Waldrop v. Evans,* 871 F.2d 1030, 1036 (11th Cir. 1989) (affirming denial of summary judgment where prison official "took no action" and failed to "inform competent authorities . . . of a prisoner's need for . . . psychiatric care"); *Farrow,* 320 F.3d at 1247 (whether a delay in treatment is tolerable depends on the nature of the medical need and the reason for the delay). The Eleventh Circuit has instructed that for claims based on a delay in medical care, courts should consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cnty.,* 510 F.3d 1312, 1327 (11th Cir. 2007). In order for a delay in medical treatment to rise to the level of a constitutional violation, the plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Hill*, 40 F.3d at 1188.

Here, Plaintiff alleges a host of medical conditions, including high cholesterol, spinal and neck injuries, mania, insomnia, bipolar disorder, and polyneuropathy, in addition to back pain, diarrhea, incomplete bowel movements, abdominal pain, rashes, incontinence, bladder leakage, kidney pain, headaches, constipation, pelvic pain, and chest pain. However, he has not sufficiently or plausibly alleged that any Defendants had subjective knowledge of a risk of serious harm, disregard of that risk, or conduct amounting to more than gross negligence. Plaintiff also fails to state a claim based on the alleged delays in his care. Even though he has listed a host of medical conditions, he has not set forth how the alleged delays in his care have worsened those conditions. In fact, the attachments to the Amended Complaint reflect that Plaintiff has been receiving care for his conditions, despite his allegations to the contrary. Overall, Plaintiff's allegations reflect at most his disagreement and dissatisfaction with how he is being cared for while in custody, rather than plausibly alleging violations of his Eighth Amendment rights.

**D. ADA violations**

Finally, Plaintiff fails to state a claim for violation of the ADA against Defendants Inch and Colon in either their individual or official capacities. First, Title I of the ADA applies only to employment, and Plaintiff's allegations of ADA discrimination do not involve employment. *See* 42 U.S.C. § 12112(a) (prohibiting discrimination "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"); *Albra v. Advan, Inc.*, 490 F.3d 826, 829-30 (11th Cir. 2007) (Title I "prohibits discrimination on account of disability in employment").

Under Title II of the ADA, public entities are prohibited from discriminating against individuals with disabilities or denying them services because of their disabilities. Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim of discrimination under Title II, a claimant must prove (1) that he is a qualified individual with a disability and (2) that he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was otherwise discriminated against by the public entity (3) due to the claimant's disability. *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007). State prisons, but not federal prisons, may be sued under the ADA because they are public entities for ADA purposes. *Compare Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998), *with Hunt v. Warden*, 748 F. App'x 894, 898 (11th Cir. 2018) (per curiam). Public entities also may be liable for a failure to make a reasonable modification. *See Bircoll*, 480 F.3d at 1085-86. While public entities can be liable for damages under Title II of the ADA if the discriminatory conduct also independently violates the Fourteenth

Amendment, *United States v. Georgia*, 546 U.S. 151, 157-59 (2006), suits against state officials that are in fact suits against the state are otherwise barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Redding v. Ga.*, 557 F. App'x 840, 844 (11th Cir. 2014) ("Title II of the ADA validly abrogates state sovereign immunity to the extent that it creates a cause of action for damages against states for conduct that violates the Fourteenth Amendment."). A plaintiff may not raise a standalone ADA claim in a § 1983 action. *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997) ("[A plaintiff] may not bring a cause of action under 42 U.S.C. § 1983 solely for alleged violations of the ADA . . . ."). In order to raise an ADA claim in a § 1983 action, the plaintiff must allege a § 1983 violation in addition to an ADA violation. *See id.*

In the Amended Complaint, Plaintiff asserts his ADA claims against Defendants Inch and Colon in their individual and official capacities. However, Title II does not apply to individuals because individuals are not public entities, and thus, to the extent that Plaintiff's claim is asserted against Defendants Inch and Colon individually, such a claim is improper. *Brennan v. Thomas*, 780 F. App'x 813, 823 (11th Cir. 2019). In addition, Plaintiff's official capacity claims against Defendants Inch and Colon also fail, as they are simply claims against the Florida Department of Corrections, and Plaintiff has not alleged a concomitant violation of the Fourteenth Amendment. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) (noting that suits against state officials in their official capacity should be treated as suits against the state); *see also Hunt*, 748 F. App'x at 898-99.

### E.  Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings generally, and provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give leave when justice so requires." Fed. R.

Civ. P. 15(a)(2). A plaintiff should be afforded the opportunity to test his claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Here, the Court will afford Plaintiff a final opportunity to amend his claims, but only to the extent that Plaintiff can identify the John Doe correctional officers that he alleges used excessive force against him, and that the conduct alleged to violate the ADA also constitutes a violation of the Fourteenth Amendment, such that the Eleventh Amendment should not bar his claim. Plaintiff is advised that his amended pleading must conform to federal pleading standards set forth in the Court's previous Order, ECF No. [8], and adhere to the twenty (20) page limitation.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Amended Complaint, **ECF No. [11]**, is **DISMISSED** with leave to amend. Plaintiff may file a Second Amended Complaint **on or before January 7, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 9, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 1:20-cv-23438-BLOOM/McAliley

Copies to:

Andy R. Fontaine, *pro se*
148904
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, Florida 33034