**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: 1:20-cv-23438-BB

ANDY R. FONTAINE
(Write the full name of the plaintiff)

vs.

Mark Inch, Secretary of the Florida Dept of Corrections (FDC) ~~unknown/common/john/jane warden/man~~

SEE, Attached,
(Write the full name of the defendant/s in this case)

LEGAL MAIL PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION ON 1-11-21 (DATE) FOR MAILING Staff Initial AC I/M Initial AF

FILED BY JN D.C.
JAN 15 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**SECOND AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**I. Party Information**

A. Plaintiff: ANDY R FONTAINE

Address: 216 SE. Corrections Way. Lake City, FL 32025

Inmate/Prison No.: 148904

Year of Birth: 1978 (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

B. 1. Defendant: Mark INCh Official capacity  2. Defendant: Centurion of Florida, LLC. official Individual capacity

Official Position: Secretary of FDC.   Official Position: A Health Care Company

Place of Employment: Florida Dept of Corr.  Place of Employment: Florida Dept. Corr.,
501 S. Calhoun ST, Tallahassee FL 32399 / 1203 Governors Sq,
(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants.) Suite 600
Tallahassee, FL 32301

CENTURION of FLORIDA, LLC, A health care company; FRANCK PAPILLON; DORA GAXIOLA; DENA TATE; JOSE COLON; JOHN DOE #1 and JOHN DOE #2 FLORIDA Dept of Corrections officers.

I Party Information continued
B Defendants
3) FRANCK PAPILLON, MD, Centurion;      Individual Capacity
   19000 S.W. 377th St, Florida City, FL. 33034;
4) DORA GAXIOLA, MD, Centurion;         Individual Capacity
   19000 SW 377th St Florida City FL 33034;
5) DENA TATE HSA. CENTURION            Individual Capacity
   19000 SW 377th St Florida City, FL 33034
6) JOSE COLON, Warden, F.D.C.          Individual and Official Capacity
   19000 SW 377th St Florida City, FL 33034
7) John Doe #1, A FDC Correctional officer (C.O.) Individual and Official Capacity
   19000 S.W. 377th St, Florida City FL 33034;
   The FDC is refusing to provide investigative Reports until discovery at which point the name can be provided. As the Colonel at Dade C.I. refused to provide names or allow requests to get to the investigator for the report.
8) John Doe #2, A FDC C.O.             Individual Capacity and Official.
   19000 S.W. 377th St Florida City, FL 33034
   Same as with John Doe #1 until discovery against FDC I cannot get the names as the colonel at Dade would not provide the names or Report.
   All Parties in their offical capacity were under the color of Law in their respective jobs.

II Basis for Jurisdiction
   1) This court has jurisdiction under 28 USC §§ 1331, 1337 and 1343.
   2) The Federal Claims are may predicated upon 42 USC §1983 and 1988 for violations of the 8th and 14th Amendment U.S. constitution
   3) Claims are based upon Americans with Disabilities Act (ADA) 42 USC §§ 12131, 12132, 12133 and §504 of the Rehabilitation Act (RA)
   4) Pendent Jurisdiction/Supplemental Jurisdiction 28 USC 1367 applying Fla. Stat. § 415.1111 Civil Actions based upon 415.01 et seq See Page 4.

2

### III Statement of Claim /

Briefly describe the facts of your case. Describe how each defendant is involved, names of other persons involved, and dates and places. Each claim should be stated in a separately numbered paragraph. Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted. Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

1) The Plaintiff arrived at Dade C.I. on 08/26/19.

2) The medical department at Dade CI was run by Dr. Papillon and HSA Tate.

3) The Plaintiff is disabled and uses a wheelchain (w/c) to move around due to a spinal injury and nerve entrapment/nerve damage in the mid to lower body and muscle spasims in the whole back. This causes severe pain in the back, abdomen, pelvis, groin, penis, testicles, hips and legs. continued

### IV Relief Requested Claim /

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

32 Declatory Relief stating the FDC under Inch, and Centurion, through their medical providers have been cruel and unusual through their deliberate indifference to the plaintiffs serious medical needs for non-medical reasons. And that Papillion, Faxicold, and Tate were the ones to be deliberate and indifferent.

33 Injunctive Relief against Inch and Centurion continued on

3

Adult Protective services Act
5. Declatory Relief is authorized by 28 USC§2201-2202 and Fed R. Civ P 57, and injunctive Relief is authorized by Fed R Civ P 65.
6. Venue is proper in this court pursuant to 28 USC§ 1391
7. All conditions under the PLRA have been satisfied or waived.

III STATEMENT OF CLAIM continued from
4. The Plaintiff has been diagnosed prior to arrival at Dade C.I. with Poly-Neuropathy. Has been scheduled to see the Neurologist, Pain-Managment, and was being provided with Tegretol to treat the Nerve pain.
5) The Pain Managment stated to do a surgery to provide a spinal card stimulator for pain treatment.
6) Pain managment further stated to provide a TENS unit for the back spasims.
7) Plaintiff saw DR Pino on 10/24/19, at this appointment the Plaintiff asked about a "Consult" for Neurology that had been ordered at his prior institution. Dr Pino put in for a new consult because the prior one was "Alternative Treatment Plan" (ATP) by Centurion. Dr Pino filed a DCR for Plaintiffs Tegretol to continue.
8) Due to Centurion use of Utitlization Managment (ATP) the Plaintiff has not seen the neuralogist. Nor any other Replacement
9) After a few months and multiple more sick calls about pain. The plaintiff filed many grievences. About no treatment.
10) During the time at Dade the Plaintiffs Tegretol was stoped 3 times. The last time Dr Papillon Refused to renew it and Perscribed Keppra. Which did not work for the neurological pain the Tegratol was providing some relief for.
11) The Tegratol was stopped because of security not wanting people to take it. Not due to medical reasons.
12) After Plaintiffs Parent Emailed Centeral office He saw Dr Papillon and HSA Tate. Papillon Refused to discuss the neurologist and to provide any pain medication for the Plaintiffs poly-neuropathy and stated "if you were getting

4

medical treatment elsewhere why did you come here. Both subjective knowlage as he had perscribed pain medication and Objective deliberate indifference when he refused to provide any other medication then Kepra or provide the consult with the specialists. To treat the Plaintiffs Pain. When told the Kepra did not work.

13) Dara Gexiola after multiple appointments delaying care perscribed perscribed Cymbalta This was after 6 months of no treatment with just less effacious NSAIDS that do nothing for the Plaintiffs pain.

14) The Plaintiff cannot take Cymbalta due to serious psychological side effects, and it does not treat pain for him as he tasks it for a year prior to prison. And for 7 years been trying to get it listed as an allergin yet FDC/Centurion refused.

15) After having to Refuse the Cymbalta, the Plaintiff was finally able to see Gexiola again. At this appointment Gexiola yells at the Plaintiff stating you are aleggic to everything. Takes off her N95 mask, spits on the floor like a gypsy putting a curse on the plaintiff. Then states she will only provide NSAID's and that because she hurt her foot and it no longer hurts then the Plaintiff is fine. This denied the plaintiff care and he has now been delayed provibling no pain Relief for neurological pain or any pain, Until DVM ARNP Fernadez Provided 30 days of sulindac, a NSAID.

16) The Provider Centurion of Florida has put in place a policy to only provide 30 pills for 90 days at 2 pills a day there by only providing 15 days suplies. Or in the case of the sulindac 60 pills for 90 days or a 30 day sapply for 90 days. Even if another perscription is written they just ignore it within the 90 days.

17) There by leaving the plaintiff with no treatment for days, weeks and months with no medical Justification.

5

18) By denying access to proper medication and medical services it has caused the plaintiff to be left in pain and further deteriorate in his lower body since the nerve stimulator would allow the plaintiff to walk and block the pain signals.

19) The TENS unit would help the back spasims. The Plaintiff even offered to provide his own device. At one point a Centurion Doctor Ordered it and Centurion never provided it.

20) DR Papillon and D. Gaxiola at all times failed to examin the plaintiffs back because they intentionally refused to address the issue.

21) Denying medical care to treat my Disabillities is denying me the services of proper medical care. There by Discriminating Where non-disabled adults are provided proper medical treatment.

22) By stopping medication that was treating a medical condition that causes my disability The Plaintiff cannot sit as long and has to lay down much more due to pain. There by further disabling me. Because security does not want Tegratol provided. Eventhough the Plaintiff only got one at a time and had blood test to check the levels to insure he was taking it

23) It is centurions Policy to delay and deny medical care and uses under paid and over worked doctors to implement these polices, thereby providing substandard care. For known serious medical needs. They then Refuse to discipline medical staff for taking weeks to provide appointments. Or use unsound medical determinations to determine future medical care.

24) Mark Inch as secretary of Florida Dept of Corr Knows of Centurions polices, and it's under his watch is when Centurion put in place the policy of limiting NSAIDS. And has failed to correct the lack of care. There by dening needed services to Disabled inmates. As an Agency of the state.

6

25) According to multiple medical "providers" (doctors, ARNP's and P.A.s) Centurion no longer provides access to pain management doctors. This has been told to the Plaintiff at 3 institutions. One being Lake Butler RMC (Reception and Medical center), The Fla Dep't of Corr hospital. As the Plaintiff has been diagnosed with disabling nerve pain and back pain this is refusing to provide treatment with Deliberate indifference. A known issue and choosing not to provide treatment, through company policies.

26) The Last appointment with pain management was in 2013 at which point the Pain management Doctor ordered an MRI. The medical Department denied the MRI stating the Hardware in your spine cannot go in the MRI.

27) After months of grievances and sick calls the Plaintiff went back to RMC for the MRI.

28) Since the MRI Papillion, Gaxiola, Tate, and Centurion through its policy has failed to continue with specialist care. Of pain management and have actually stopped medication for non-medical Reasons.

29) Equal protection requires all inmates be provided with proper equal medical treatment. When the medical provider refuse to treat a disability, it is discrimination from the services of the medical department.

30) Gaxiola, and Papillon have also Refused to provide treatment, exam, discuse the injuries sustained in claim 2 that were sustained at a medical emergency when brought to an outside hospital that further aggrevated the nerve damage and caused injury to the Plaintiffs sholders. Using the if it is ignored it did not happen form of medical.

31) These have caused the Plaintiff severe pain, phycial deterioration, mental anguish, loss of enjoyment of life, increased disability. From refusal to treat diagnosed medical conditions and provide access to proper specialists that can provide treatment.

Page 8 starts Relief for claim 1.

7

and any of Centurion's future providers to provide effective pain treatment, sent the Plaintiff back to pain management and to provide the TENS, and spinal cord stimulator for back pain and spasims. And provide medication for the painfull back spasims.

34) Papillon for being deliberately indifferent to the Plaintiff's serious diagnosed needs causing unecessary delays $500.000 compensatory and $1,500,000, Punitive Damages, nominal damages

35) Gaxiola for being deliberately indifferent to the Plaintiff's serious diagnosed medical needs delaying and denying care leaving the plaintiff to suffer needlessly in severe pain $500,000 compensatory and $1,500,000 punitive damages, nominal damages.

36) Tate for enforcing and appending, and failing to correct delays and denials in care as the Health Services Administrator at Dade CI. She was with Papillon when he refused to provide any further treatment. And failed to punish or correct the insufficient medical services. that is a systemic issue at Dade $250,000 compensatory and $750,000 punitive damages and nominal where compensatory is not allowed.

37) Inch as Secretary Florida Dept of corrections for failing to insure disabled adults are provided equal services or adequate medical services. That the plaintiff is denied due to his disability and treatment so as to accommodate his disability where the TENS and spinal cord stimulator could allow plaintiff to walk short distances. $500,000 compensatory and $1,500,000 punitive damages, nominal where compensatory not allowed. Violating the ADA. For not providing services and discrimination.

V STATEMENT of CLAIM 2

38) On 05/02/20, the Plaintiff had severe chest pains after having them for a week with no response to a sick call, He called for a medical emergency 2 times.

39) After an EKG the medical department choose to send

8

The Plaintiff to the ER.

40) The transportation officer C.O.1 showed up in the medical department to put restraints (Handcuffs, Black Box, waist chains and sheckles) on the Petitioner.

41) At this time the Plaintiff had the transport officer put his prayer book in the Plaintiffs wheelchair (w/c)

42) The ADA medical person then placed the plaintiffs (w/c) in her office for safe keeping.

43) The Plaintiff was taken to the hospital by ambulance with a FDC officer in a wheelchair van following and the CO that placed the prayer book in the (w/c).

44) At the time to leave the hospital the Plaintiff said again he needs a w/c. They FDC failed to bring one.

45) The transport officers had the Plaintiff transfer to the hospitals w/c. Then was fully restrained again, brought to the w/c van and the C.O.1 used a hip toss manuver to relocate the plaintiff from the w/c to the van seat. When a non-disabled adult would not be tossed around, due to failure to accommodate and provide equal services, and equal treatment.

46) Upon return at the institution co1 went and retrived a broken wheelchair that the front tire assembly fell out of. The Plaintiff said the w/c is unsafe to use.

47) C.O.1 got C.O.2 (John Doe 1 and 2 respectfully) they both came on the van and picked up the Plaintiff by the sholders like a sack of potatos, while still fully restrained and dragged him accross the van and put him in the broken wheel chair. This would not happen to a non-disabled inmate under equal treatment.

48) By relocating the Plaintiff through force that was unnecessary and excessive, violated equal treatment under the law 14th Amend. And was peliberate and indifferent to the plaintiffs medical and ADA accommodation needs.

9

49) They then left the plaintiff in a broken w/c and after being placed in a non-ADA cell Isolation cell for 24 hr watch. The plaintiff fell when the wheel fell off of the wheelchair while he was attempting to make the bed. By providing the broken w/c when the plaintiff told the security where his w/c was at, or provide another working safe device is deliberate and indifferent to the Plaintiffs serious medical needs and is discrimination by failing to accommodate for safe wheelchair or wheelchair cell.

50) By the Osuna Co1 and CO2 manhandeling the plaintiff they injured the plaintiffs sholders, and aggravated the existing back spasms, nerve pain, testical pain. The plaintiff was further injured when he fell and had to catch himself.

51) The medical department under Papillon, Oxriola and Tate refused to provide any treatment or even an exam.

52) Jose Colon the Warden has knowlege of repeated use of force on disabled inmates that violated excessive force. And deliberate indiffrence to the needs and discrimination directly upon disabled inmates such as maceing a blind men while laying down, throwing disabled inmates from wheel chairs, and willfully with deliberate indiffrence using unneeded force on disabled inmates. And failed to correct it.

53) Further Disability Rights of Florida has been in suit and settled about failure to provide reasonable accommodations where the US Dept of Justice attempted to get monetary damages due to FDC failing to accommodate. A settlement was reached.

54) FDC under Inch further refused to comply with the settlement. ie Broken wheelchair non-accessible cell, and manhandeling disabled inmates while restrained.

55) Now Disability Rights is back in the Second Judical cir to on mandamus to enforce the settlement.

10

56) As FDC was to provide training to provide proper accommodations. Not using force where injuries are sustained to not being discrimanitory as FDC continues to be. Denying services to disabled Americans through causing injury, making un-accessible under a law that has been in place over 30 years, ADA and 50+ years for the RA.

57) Therefore Inch has failed to implement accommodations training, and to insure medical services and devices such as wheelchairs are maintained and his staff do not injure inmates through no reason but for their disability As non disabled are not manhandled due to staff refusing to accommodate.

## VI Relief Claim 2

58) John Doe 1 and John Doe 2 $100,000 compensatory and $300,000 Punitive, or nominal where compensator is not allowed Jointly and severally. For Phycial injuries sustained, mental anguish, pain and suffering, loss of enjoyment of life and increased mobility impairment as the sholder injury has made it painful to roll around by a great amount.

59) Jose Colon has allowed the continued practice of abuse on disabled inmates where he is required by law to insure all laws and rules are followed. By failing to correct his staff the Plaintiff suffered Phycial injuries, Pain and suffering, mental anguish, loss of the capacity for enjoyment of life $100,000 compensatory and $300,000 punitive, nominal where punitive is not available.

60) Inch as secretary as his customer and the Department not correcting the deliberate indifference and provide equal services through accommodations that are maintained has injured with phycial injuries, mental anguish, loss of capacity for the enjoyment of life. Pain and suffering and fear of accessing outside emergency medical services and discrimination. 1,000,000 Compensatory and $2,000,000 Punitive damages nominal where compensatory is limited by law. Violating the 14th Amend.

11

_This was the form online sent by family from www.flsp.vscourts.gov. And only one available in the Columbia law Library._

### IV. Jury Demand

Are you demanding a jury trial? ✓ Yes ___ No

Signed this 10th day of January, 20 21

_Roney Fontain_

Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: 10th day of January, 2021

_Roney Fanty_

Signature of Plaintiff

12

Andy Fontaine 148904
Columbia Correctional Institution Annex
216 S.E. Corrections Way.
Lake City, FL 32025



MAILED FROM A STATE
CORRECTIONAL
INSTITUTION

JACKSONVILLE, FL PSDC 322
TUE 12 JAN 2021  PM

United States District Court
Southern Dist Florida, Miami Div
400 N. Miami Ave
Miami, FL  33128-7216

LEGAL MAIL PROVIDED TO COLUMBIA CORRECTIONAL INSTITUTION ON \_\_\_\_ (DATE) \_\_\_\_ FOR MAILING \_\_\_\_ I/M Initial Staff Initial