UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23438-BLOOM/McAliley

ANDY R. FONTAINE,

    Plaintiff,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
*Mark Inch*, et al.,

    Defendants.
_____/

**ORDER ON MOTION FOR PRELIMINARY INJUNCTIO
AND TEMPORARY RESTRAINING ORDER**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Andy R. Fontaine's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. [19] ("Motion"), filed on January 21, 2021. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered

before the defendant has an adequate opportunity to respond, even if notice has been provided." *Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008).

Nevertheless, the Eleventh Circuit has also made it clear that "any motion or suit for a traditional injunction *must be predicated upon a cause of action*, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (emphasis added).

> There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). *See, e.g.*, *Paisey v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) ("[T]he district court did not err in denying [the plaintiff's] motion for a preliminary injunction and dismissing the injunctive count of [the plaintiff's] complaint because [the plaintiff] has failed to state a claim for relief. . . .").
> Considering the issue from another perspective, a traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed — if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise. Of course, even if his common law, statutory, or constitutional rights have been violated, the plaintiff must also meet the other requirements for obtaining an injunction to show that an injunction is the proper remedy for such violation.

*Id.* Thus, "a party may not obtain a 'traditional' injunction if he lacks a cognizable, meritorious claim." *Id.* at 1097 n.5.

In this case, Plaintiff, who is disabled, asserts claims for violations of this Eighth and Fourteenth Amendment rights and the Americans with Disabilities Act, arising from allegedly discriminatory and substandard medical care, the excessive use of force, and the failure to accommodate his disability at Dade CI. *See generally*, Second Amended Complaint ("SAC"), ECF No. [17]. Since the initial filing of this case, Plaintiff has been transferred to another correctional facility, Columbia CI Annex. Plaintiff asserts that he has not been permitted sufficient access to

the law library since he was transferred, and he therefore requests that the Court enter a temporary restraining order and preliminary injunction requiring that he be provided unrestricted access to the law library. However, Plaintiff cites no basis or authority for his request, nor does it appear to be related to the underlying claims asserted in this case.

While the Court is mindful that *pro se* filings are to be liberally construed, "the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)). Indeed, Plaintiff has asserted no cause of action upon which the injunction is based, and therefore, the Court can discern no basis upon which to grant the relief Plaintiff seeks.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [19]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Andy R. Fontaine, *pro se*
148904
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, Florida 332025-2013