UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-23438-BLOOM/McAliley**

ANDY R. FONTAINE,

    Plaintiff,

v.

SEC'Y, MARK INCH,
FLORIDA DEP'T. OF CORR., *et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiff Andy R. Fontaine's ("Plaintiff" or "Fontaine") Objection to Order Dismissing Claims and Defendants Inch, Centurion, ECF No. [26] ("Motion"). Plaintiff seeks reconsideration of the Court's February 17, 2021 Order, *see* ECF No. [21], dismissing Plaintiff's official capacity claims against Defendants Mark Inch and Centurion "for injunctive and declaratory relief as to treatment or lack thereof." *Id.* at 3-4. Plaintiff also seeks reinstatement of his Title II of the Americans with Disabilities Act ("ADA") as it pertains to his excessive force and deliberate indifference claims. *Id.* at 4.

"Courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290

(S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.") (citation omitted).

"Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. Nov. 4, 2003). But a "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283. Simply put, a party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff asserts that because of the Court's Order limiting his Second Amended Complaint to twenty pages, he "incorporated the ADA Complaint into grounds [one and two]." ECF No. [26] at ¶ 2; *see* ECF No. [12] at pp. 5, 13. Plaintiff objects to the dismissal of all ADA claims and asks the Court to "[r]eturn the ADA complaints as both counts [one] and [two] have Title II issues." ECF No. [12] at ¶ 15. The Court declines to do so for the reasons that follow.

Plaintiff's Title II ADA claims raised in his Amended Complaint were dismissed for failure to state a claim. *See* ECF No. [12] at 11-12. Plaintiff was provided the law governing ADA claims raised in 42 U.S.C. § 1983 complaints. To recap, an ADA claim raised in a § 1983 action can only survive screening if the conduct alleged to violate the ADA also violates the Plaintiff's constitutional rights. *Id.* at 12 (citing *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1531 (11th Cir. 1997)). Moreover, because Title II only applies to public entities, individual capacity

claims are improper. *Id.* (citing *Brennan v. Thomas*, 780 F. App'x 813, 823 (11th Cir. 2019). For a second time, Plaintiff was permitted to amend his complaint "to the extent that . . . the conduct alleged to violate the ADA also constitutes a violation of the Fourteenth Amendment, such that the Eleventh Amendment should not bar his claim" *Id.* at 13. Plaintiff was further cautioned that his second amended pleading must be no more than twenty pages and must conform to federal pleading standards. *Id.*

Plaintiff's Second Amended Complaint again failed to state a claim against Defendants Inch and Colon in both individual and official capacities. *See* ECF No. [21] at 15-16. "Plaintiff did not re-allege his stand-alone ADA claim previously set forth in the Amended Complaint. Instead, Plaintiff added conclusory statements to [his § 1983 claims] that those violations occurred due to discrimination based on his disability." *Id.* at 15. Because Plaintiff failed to state a claim that Defendants Inch and Colon violated Plaintiff's constitutional rights, Plaintiff's ADA claim was also dismissed. *See Holbrook*, 112 F.3d at 1531. Further, Plaintiff's argument that the twenty-page limit constrained his ability to re-allege the ADA claim is undermined by the fact that Plaintiff's Second Amended Complaint was only twelve pages. *See* ECF No. [17].

Finally, Plaintiff has not alleged any new evidence or shown that clear error warrants reconsideration of the Court's Order. In two separate orders, the Court instructed Plaintiff on federal pleading standards. *See* ECF No. [12] at 3 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); ECF No. [8] at 2 (citing Fed. R. Civ. P. 8(a)(2) and S.D. Fla. L.R. 7.1(c)(2)). Plaintiff failed to correct all pleading deficiencies resulting in a partial dismissal of Plaintiff's claims. Plaintiff's Motion attempts to relitigate issues previously ruled on in the Court's February 17, 2021 Order, *see* ECF No. [21], and Plaintiff is therefore not entitled to relief. *See Z.K. Marine Inc*, 808 F. Supp. at 1563.

Case No. 20-cv-23438-BLOOM/McAliley

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [26]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Andy R. Fontaine, *Pro Se*
#148904
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, Florida 32025-2013