UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23438-BLOOM/McAliley

ANDY R. FONTAINE,

    Plaintiff,

v.

SEC'Y, MARK INCH,
FLORIDA DEP'T. OF CORR., *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon a *pro* se Plaintiff Andy R. Fontaine's Motion for Preliminary Injunction and Temporary Restraining Order, ECF No. [57] ("Motion"). Defendants Dr. Dora Gaxiola and Dr. Franck Papillion ("Doctor Defendants") filed a Response in Opposition, ECF No. [60] ("Response"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

In his Complaint, Plaintiff asserts claims of deliberate indifference arising from substandard medical care and excessive force inflicted upon him while confined at Dade Correctional Institution. Since the initial filing of this case, Plaintiff has been transferred to the Columbia Correctional Institution-Annex ("CCI"). ECF No. [13]. In the present Motion, Plaintiff alleges that although his wheelchair pass was renewed for the year, medical providers at CCI conducted an assessment to see if he still required the use of a wheelchair. ECF No. [57] at 1-3. Over the course of several appointments with different CCI medical providers, clinical staff

reviewed his "6 volumes" of medical records, including MRIs, X-rays, and post-surgical notes. *Id.* at 2-3. Plaintiff was then informed by an unnamed ARNP that she was recommending the removal of his wheelchair pass because "his spinal injuries do not justify it." *Id.* at 3. The ARNP also told Plaintiff that the recommendation was being made because he "decided to file suit cause you got rights so [central] office wants your pass." *Id.* at 3 (alteration added).

The Eleventh Circuit has explained that the four factors to be considered in determining whether to grant a temporary restraining order or a preliminary injunction are the same. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Namely, a movant must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Id.* at 1225-26 (citing *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). "The primary difference between the entry of a temporary restraining order and a preliminary injunction is that a temporary restraining order may be entered before the defendant has an adequate opportunity to respond, even if notice has been provided." *Textron Fin. Corp. v. Unique Marine, Inc.*, No. 08-10082-CIV, 2008 WL 4716965, at *5 (S.D. Fla. Oct. 22, 2008).

It should further be noted that the persons from whom the injunctive relief is sought are typically limited to parties to the underlying action. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-42 (11th Cir. 1995); *see* Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

Case No. 20-cv-23438-BLOOM/McAliley

Construing this Motion liberally as afforded *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff seeks a permanent injunction against every "employee, contractor, medical provider, nurse of FDC Inch and Centurion" and "any security at Columbia CI Annex or whichever institution Plaintiff is at throughout the duration of this proceeding[.]" *Id.* at 4. Plaintiff seeks an injunction to prevent the removal of, or to restore to him, his wheelchair pass, gloves, and cushion. *Id.* He also seeks an injunction to prevent future disciplinary action taken against him for disobeying orders to "stand, walk, or similar unachievable thing." *Id.* Plaintiff names several non-party individuals employed as medical staff at CCI but does not name the Doctor Defendants or the John Doe Defendants involved in the underlying action. Plaintiff also alleges that the future removal of his wheelchair pass violates the Americans with Disabilities Act and is in retaliation for filing this action in violation of his First Amendment rights. *Id.* at 5.

Plaintiff's Motion improperly seeks relief that is based on different alleged constitutional and statutory violations than those raised in and sought in his Second Amended Complaint. *See Bruce v. Reese*, 431 F. App'x 805, 806 n.1 (11th Cir. 2011) (per curiam) (affirming a district court's denial of injunctive relief that was "outside the scope of the underlying suit" (citation omitted)); *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("To secure preliminary injunctive relief, a petitioner must demonstrate a substantial likelihood of prevailing on at least one of the causes of actions he has asserted."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (per curiam) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injunction when the injunction in question is not of the same character and deals with a matter lying wholly outside the issues in the suit." (citations omitted)); *Gomez v. United States*, 899 F.2d 1124, 1127 (11th Cir. 1990) ("Litigants are not entitled to greater

Case No. 20-cv-23438-BLOOM/McAliley

temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party."); *Cendan v. Trujillo*, No. 16-21775-CV, 2017 WL 11422141, *1 (S.D. Fla. July 28, 2017) (explaining that "the injunctive relief sought must be closely related to the conduct raised in the complaint" (citations omitted)), *report and recommendation adopted*, 2018 WL 9540027 (S.D. Fla. Jan. 17, 2018). If Plaintiff seeks a remedy for the claims he raises, he should name the proper parties in a separate § 1983 action subject to separate case numbers and filing fees.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order, **ECF No. [57]**, is **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Andy R. Fontaine, *Pro Se*
#148904
Columbia Correctional Institution-Annex
Inmate Mail/Parcels
216 S.E. Corrections Way
Lake City, FL 32025-2013